**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

_____

JOSE IZQUIERDO and JOHN DOES 1-100,
*individually and on behalf of all others similarly*
*situated,*

                          Plaintiffs,                          Case No.:

                                                               **CLASS ACTION COMPLAINT**

                          v.                                   JURY TRIAL DEMANDED

BLISTEX INC.,

                          Defendant.

_____

      Plaintiffs, JOSE IZQUIERDO and JOHN DOES 1-100 (hereinafter, "Plaintiffs"),

individually and on behalf of all others similarly situated in the United States of America, by and

through their undersigned counsel, hereby bring this Class Action Complaint against defendant,

BLISTEX INC. (hereinafter, "BLISTEX" or "Defendant"), and allege the following upon their

own knowledge, or where they lack personal knowledge, upon information and belief, including

the investigation of their counsel:

<u>**NATURE OF THE ACTION**</u>

      1.    Consumers rely on insoles to ensure their feet are odor-free, dry, and comfortable.

The U.S. insole market features competition among many manufacturers and includes numerous

products that compete on price, sweat reduction, odor reduction, and comfort. Insoles sold in the U.S. are commonly made of gel, rubber, cloth, leather, cork, plastic, cotton, wood, ceramic or other materials that have different properties.

2. Against this backdrop, with consumers desiring products that fit their household needs and enjoying broad choice among competing products, Defendant manufactures, markets and sells "odor-destroying" Odor Eaters® insoles, all with false and deceptive labels that mischaracterize and/or overestimate their functional capabilities.

3. As part of its extensive and comprehensive nationwide marketing campaign, Defendant actively promotes the odor-eliminating capabilities of Odor Eaters® "odor-destroying" insoles (herein referred to as the "Products," as such term is defined in Paragraph 29 below), claiming that set of shoe insoles "destroys odor" and has "all-day effectiveness guaranteed."

4. Defendant's Products have very little capability to reduce existing odor and cannot eliminate all future odor. By making false, deceptive and misleading statements to consumers, Defendant has deceived hundreds of thousands of consumers into purchasing Odor Eaters® odor destroying Products.

5. At all material times hereto, Plaintiffs and other consumers have been deceived into spending significant amounts of money on Products that do not work as represented. Plaintiffs and other members of the Classes (as defined below), have been harmed by Defendant's fraudulent misrepresentations on the efficacy of its Products.

6. By marketing that each Product "STOPS ODOR" and "destroys odor" Defendant is taking wrongful advantage of consumers' strong preference for products that both remove

existing odor and prevent future odor, as opposed to simply reducing pre-existing and future odor.

7.  As shown in **EXHIBIT A**, the representation that the Odor Eaters® odor destroying Products eliminate odor is central to the marketing of the Products and are clearly and prominently displayed on the front and back packaging, where it cannot be missed by consumers.

8.  Defendant has unjustly profited in the lucrative market for odor-eliminating insoles by labeling its Products deceptively and selling them to consumers who sought to purchase products that can actually eliminate unwanted odor and who were willing to pay more for such products.

9.  This lawsuit seeks redress for the deceptive manner in which Defendant has and continues to market its Odor Eaters® odor destroying Products to the general public. Plaintiffs bring this proposed consumer class action individually and on behalf of all other persons similarly situated, who, from the applicable limitations period up to and including the present ("Class Period"), purchased Odor Eaters® odor destroying Products for consumption and not resale.

10. Plaintiffs seek to secure, among other things, equitable and declaratory relief, restitution, and alternative damages, for similarly situated United States purchasers, against Defendant, for (1) deceptive acts or practices in violation of New York's Deceptive Acts or Practices Law, Gen. Bus. Law § 349, *et seq.* ("NY GBL § 349"); (2) false advertising in violation of New York's False Advertising Law, Gen. Bus. Law § 350, *et seq.* ("NY GBL § 350"); (3) Breach of Express Warranty; (4) Negligent Misrepresentation and; (5) Unjust Enrichment.

11. In addition to damages, Plaintiffs are seeking an Order requiring Defendant to cease packaging, marketing and advertising Odor Eaters® odor destroying Products with misleading statements about its odor-eliminating capabilities, specifically that they are effective in eliminating existing odor and that they entirely eliminate new odor. At most, the Products could be said to "Reduce some existing odor" and "Reduce most new odor."

12. Plaintiffs expressly do not seek to contest or enforce any state law that has requirements beyond those required by federal laws or regulations.

## JURISDICTION AND VENUE

13. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because this is a class action, as defined by 28 U.S.C § 1332(d)(1)(B), in which a member of the putative class is a citizen of a different state than Defendant, and the amount in controversy exceeds the sum or value of $5,000,000, excluding interest and costs. *See* 28 U.S.C. § 1332(d)(2).

14. The Court has jurisdiction over the federal claims alleged herein pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States.

15. The Court has jurisdiction over the state law claims because they form part of the same case or controversy under Article III of the United States Constitution.

16. Alternatively, the Court has jurisdiction over all claims alleged herein pursuant to 28 U.S.C § 1332 because the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.

17. This Court has personal jurisdiction over Plaintiffs because Plaintiffs submit to the Court's jurisdiction. This Court has personal jurisdiction over Defendant, pursuant to New York Statute N.Y. CVP. Law § 302, because it conducts substantial business in this District, some of the actions giving rise to the Complaint took place in this District, and some of Plaintiffs' claims

arise out of Defendant operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state; committing a tortious act in this state; and causing injury to person or property in this state arising out of Defendant's acts and omissions outside this state. Additionally, this court has personal jurisdiction over Defendant because its Products are advertised, marketed, distributed, and sold throughout New York State; Defendant engaged in the wrongdoing alleged in this Complaint throughout the United States, including in New York State; and Defendant has sufficient minimum contacts with New York and/or otherwise have intentionally availed itself of the markets in New York State, rendering the exercise of jurisdiction by the Court permissible under traditional notions of fair play and substantial justice. Moreover, Defendant is engaged in substantial and not isolated activity within New York State.

18. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to these claims occurred in this District, the Defendant has caused harm to class members residing in this District, and the Defendant is residents of this District under 28 U.S.C. 1391(c)(2) because it is subject to personal jurisdiction in this district.

## PARTIES

*Plaintiffs*

19. Plaintiff JOSE IZQUIERDO is, and at all times relevant hereto has been, a citizen of the State of New York and resides in Bronx County. During the Class Period, Plaintiff IZQUIERDO purchased Odor Eaters® insoles for personal consumption within the State of New York. Plaintiff purchased the Product at a Duane Reade store located in New York County. The purchase price was $12.99 for Odor Eaters® Odor Destroying Insoles – Slim Comfortable Fit 3 Pair Economy Pack Product. Plaintiff IZQUIERDO purchased the Product at a premium price

and was financially injured as a result of Defendant's deceptive conduct as alleged herein. At the time of purchase, Plaintiff IZQUIERDO did not know that the Product was incapable of eliminating existing odor. Plaintiff IZQUIERDO would not have purchased the Product, or would have paid significantly less for the Product, had he known that the odor elimination claims were false and deceptive. Plaintiff IZQUIERDO was reasonably misled by Defendant's mischaracterization of the capabilities of its Products. Plaintiff IZQUIERDO suffered injury in fact and lost money as a result of Defendant's deceptive, false and misleading practices as described herein. Further, should Plaintiff IZQUIERDO encounter the Products in the future, he could not rely on the truthfulness of the packaging, absent corrective changes to the packaging. However, Plaintiff IZQUIERDO would still be willing to purchase the current formulation of the Products, absent the price premium, so long as Defendant engages in corrective advertising.

20. Plaintiffs JOHN DOES 1-100 are, and at all times relevant hereto has been, citizens of the any of the fifty states and the District of Columbia. During the Class Period, Plaintiffs JOHN DOES 1-100 purchased Products for personal consumption within the United States. Plaintiffs purchased the Products at a premium price and were financially injured as a result of Defendant's deceptive conduct as alleged herein.

***Defendant***

21. Defendant BLISTEX INC. is a corporation organized under the laws of Illinois with its headquarters and address for service of process located at 1800 Swift Drive, Oak Brook, IL 60523-1574.

22. BLISTEX INC. develops, markets and sells a line of odor destroying Products under the "Odor Eaters" brand name throughout the United States.

23. BLISTEX INC. owns, manufactures and distributes Odor Eaters® odor destroying Products, and created and/or authorized the unlawful, fraudulent, unfair, misleading and/or

deceptive labeling and advertising for the Odor Eaters® Products at issue. The product label for Odor Eaters® odor destroying Products, relied upon by Plaintiffs, was prepared and/or approved by Defendant and its agents, and was disseminated by Defendant and its agents with the "odor destroying" with "all day effectiveness guaranteed" misrepresentations alleged herein. The Product label was designed to encourage consumers to purchase Odor Eaters® odor destroying Products and reasonably misled Plaintiffs and the Classes into purchasing the Products.

24. Plaintiffs allege that, at all times relevant herein, BLISTEX INC. and its subsidiaries, affiliates, and other related entities, as well as its respective employees, were the agents, servants and employees of BLISTEX INC., and at all times relevant herein, each was acting within the purpose and scope of that agency and employment. Plaintiffs further allege on information and belief that at all times relevant herein, the distributors who delivered and sold the Products, as well as their respective employees, also were BLISTEX INC.'s agents, servants and employees, and at all times herein, each was acting within the purpose and scope of that agency and employment. In addition, Plaintiffs allege that, in committing the wrongful acts alleged herein, BLISTEX INC., in concert with its subsidiaries, affiliates, and/or other related entities and their respective employees, planned, participated in and furthered a common scheme to induce members of the public to purchase the Products by means of untrue, misleading, deceptive, and/or fraudulent representations, and that BLISTEX INC. participated in the making of such representations in that it disseminated those misrepresentations and/or caused them to be disseminated.

25. Whenever reference in this Complaint is made to any act by Defendant or its subsidiaries, affiliates, distributors, and other related entities, such allegation shall be deemed to mean that the principals, officers, directors, employees, agents, and/or representatives of

Defendant committed, knew of, performed, authorized, ratified and/or directed that act or transaction on behalf of Defendant while actively engaged in the scope of their duties.

## FACTUAL ALLEGATIONS

**Insole Products**

26. Foot odor is caused by bacteria and fungus that grow in a humid environment. Products that retard this process do so by reducing moisture, killing the bacteria and fungus, acting against the odor, or covering up the odor. Moisture can be reduced by increasing ventilation, wicking away sweat, or absorbing sweat.

27. Insoles work by increasing ventilation and wicking away sweat to reduce the moisture that allows odor causing bacteria and fungus to grow. Many insoles also contain elements that absorb odorous molecules that drift into them.

**Odor Eaters® Insoles**

28. BLISTEX INC. manufactures, distributes, markets, advertises and sells Odor Eaters® odor destroying Products. The Products are available at convenience stores, drug stores, and other retail outlets throughout the United States, including online retailers such as Amazon.com.

29. Plaintiffs and the Class members have purchased Odor Eaters® odor destroying Products in the lines listed below (together, the "Products"):

| Product | Quantity Per Package | Packages Per Order | Price | Link |
|---|---|---|---|---|
| Odor-Eaters Odor Destroying Ultra Comfort Insoles | 1 pair | 1 | $39.33 | https://www.amazon.com/Odor-Eaters-Deodorising-Comfort-Insoles-Personal/dp/B01HQVEKKQ/ref=sr_1_15_a_it?srs=3037290011&ie=UTF8&qid=1470165580&sr=8-15 |
| | | 2 | $38.98 | https://www.amazon.com/Odor-Eaters-Ultra-Comfort-Insoles-Pack/dp/B01082XOM0/ref=sr_1_62_a_it?srs=3037290011&ie=UTF8&qid=1470167955&sr=8-62 |

| | | | | |
|---|---|---|---|---|
| | | 5 | Unavailable | https://www.amazon.com/Odor-Eaters-Ultra-Comfort-Insoles-Pair-pack/dp/B01JFVETCE/ref=sr_1_3_a_it?srs=3037290011&ie=UTF8&qid=1470165580&sr=8-3 |
| | | 6 | $22.29 | https://www.amazon.com/Odor-Eaters-Ultra-Comfort-Insoles-pair-Pack/dp/B00FFIJ8N2/ref=sr_1_71_a_it?srs=3037290011&ie=UTF8&qid=1470168280&sr=8-71 |
| | 2 pair | 1 | $65.15 | https://www.amazon.com/Twin-Eaters-Ultra-Comfort-Odor-Eaters/dp/B01HQV4WNQ/ref=sr_1_16_a_it?srs=3037290011&ie=UTF8&qid=1470165580&sr=8-16 |
| | 3 pair | 1 | $21.99 | https://www.amazon.com/Odor-Eaters-Ultra-Comfort-Odor-Destroying-Insoles-Expanded/dp/B01BSN9O2M/ref=sr_1_10_a_it?srs=3037290011&ie=UTF8&qid=1470168559&sr=8-10&keywords=Odor-Eaters+Odor+Destroying+Ultra+Comfort+Insoles |
| | | 3 | $69.10 | https://www.amazon.com/Odor-Eaters-Comfort-Odor-Destroying-Insoles-Economy/dp/B01BL49LKS/ref=sr_1_45_a_it?srs=3037290011&ie=UTF8&qid=1470167619&sr=8-45 |
| | | 4 | Unavailable | https://www.amazon.com/Odor-Eaters-Ultra-Comfort-Insoles-pack/dp/B01JFVM97Q/ref=sr_1_4_a_it?srs=3037290011&ie=UTF8&qid=1470165580&sr=8-4 |
| | | 11 | $84.20 | https://www.amazon.com/Odor-Eaters-Ultra-Comfort-Insoles-Pack-11/dp/B01IAIICKI/ref=sr_1_7_a_it?srs=3037290011&ie=UTF8&qid=1470165580&sr=8-7 |
| Odor-Eaters Odor Destroying Ultra Comfort Insoles, Expanded Fit | 1 pair | 1 | $5.90 | https://www.amazon.com/Odor-Eaters-Destroying-Ultra-Comfort-Insoles/dp/B000052XW2/ref=sr_1_89_a_it?srs=3037290011&ie=UTF8&qid=1470168403&sr=8-89 |
| | | 3 | $21.99 | https://www.amazon.com/Odor-Eaters-Ultra-Comfort-Odor-Destroying-Insoles-Expanded/dp/B01BSN9O2M/ref=sr_1_41_a_it?srs=3037290011&ie=UTF8&qid=1470167619&sr=8-41 |
| | | 6 | $38.99 | https://www.amazon.com/Odor-Eaters-Ultra-Comfort-Odor-Destroying-Insoles-Expanded/dp/B01BSNAB0G/ref=sr_1_40_a_it?srs=3037290011&ie=UTF8&qid=1470167619&sr=8-40 |
| Odor- | 1 pair | 1 | $15.99 | https://www.amazon.com/Odor-Eaters-Ultra- |

| | | | | |
|---|---|---|---|---|
| Eaters Ultra Durable Insoles | | | | Durable-Odor-Destroying-Insoles-Trim/dp/B01CI03AXI/ref=sr_1_38_a_it?srs=3037290011&ie=UTF8&qid=1470167619&sr=8-38 |
| | | 3 | $63.64 | https://www.amazon.com/Odor-Eaters-Destroying-Insoles-Durable-3-Pack/dp/B018KT8BVW/ref=sr_1_57_a_it?srs=3037290011&ie=UTF8&qid=1470167955&sr=8-57 |
| | | 5 | Unavailable | https://www.amazon.com/Odor-Eaters-Ultra-Durable-Odor-Destroying-Insoles-Size/dp/B01JFVFO50/ref=sr_1_5_a_it?srs=3037290011&ie=UTF8&qid=1470165580&sr=8-5 |
| | | 10 | $47.49 | https://www.amazon.com/Odor-Eaters-Ultra-Durable-Odor-Destroying-Insoles-Size/dp/B01IAIL7SW/ref=sr_1_8_a_it?srs=3037290011&ie=UTF8&qid=1470165580&sr=8-8 |
| Odor-Eaters Super Tuff Insoles | 1 pair | 1 | $45.27 | https://www.amazon.com/Odor-Eaters-Insoles-Super-Tuff-Pr/dp/B01HNCVDM6/ref=sr_1_13_a_it?srs=3037290011&ie=UTF8&qid=1470165580&sr=8-13 |
| | | 6 | $96.90 | https://www.amazon.com/Eaters-Super-Destroying-Insoles-Odor-Eaters/dp/B01HNCV8ZI/ref=sr_1_12_a_it?srs=3037290011&ie=UTF8&qid=1470165580&sr=8-12 |
| Odor-Eaters Trainer Tamers | 1 pair | 1 | $45.77 | https://www.amazon.com/Odor-Eaters-Trainer-Tamers-Pair/dp/B01HNCKV60/ref=sr_1_13_a_it?srs=3037290011&ie=UTF8&qid=1470167433&sr=8-13 |
| | | 3 | $62.27 | https://www.amazon.com/Odoreaters-Trainer-Tamers-Pack-Odor-Eaters/dp/B01HNCUWJG/ref=sr_1_14_a_it?srs=3037290011&ie=UTF8&qid=1470165580&sr=8-14 |
| | | 6 | $89.59 | https://www.amazon.com/Odoreaters-Trainer-Tamers-Pack-Odor-Eaters/dp/B01CZ60EM0/ref=sr_1_29_a_it?srs=3037290011&ie=UTF8&qid=1470167512&sr=8-29 |
| Odor-Eaters Foot Warmers | 1 pair | 1 | $61.98 | https://www.amazon.com/OdorEaters-Foot-Warmers-by-Odor-Eaters/dp/B01CZ64VNS/ref=sr_1_22_a_it?srs=3037290011&ie=UTF8&qid=1470167245&sr=8-22 |
| Odor-Eaters Stink Stoppers for Kids & | 1 pair | 1 | $10.99 | https://www.amazon.com/Odor-Eaters-Stink-Stoppers-Teens-Insoles/dp/B01DTM39PS/ref=sr_1_20_a_it?srs=3037290011&ie=UTF8&qid=1470167245&sr=8-20 |
| | | 2 | $24.99 | https://www.amazon.com/Odor-Eaters-Stink-Stoppers-Teens- |

| Teens Insoles | | | | Insoles/dp/B01DTM445W/ref=sr_1_19_a_it?srs=3 037290011&ie=UTF8&qid=1470167245&sr=8-19 |
|---|---|---|---|---|

30. Defendant actively promotes the odor eliminating capabilities of Odor Eaters® odor destroying Products, claiming that each "stops" or "destroys" odor with "all-day effectiveness guaranteed."

31. Defendant's claims are false, misleading and deceptive because its Products have very little, if any, odor-eliminating capabilities.

32. In determining the meaning of the statements challenged herein, a court may reference dictionary definitions. *See Am. Italian Pasta Co. v. New World Pasta Co*., 371 F.3d 387, 391 (8th Cir. 2004) (referencing a dictionary definition of "favorite"). Webster's Dictionary provides that the word "destroy" means "1: to ruin the structure, organic existence, or condition of" or "2 a: to put out of existence: KILL b: NEUTRALIZE c: ANNIHILATE, VANQUISH." Webster Ninth New Collegiate Dictionary 345 (d9th ed. 1988). Thus, the word "destroy" denotes a complete removal and not a mere reduction.[1]

33. Even if Defendant were to claim that its label means the Products "reduce" odor, Defendant's label is nonetheless false, misleading and deceptive. Product packaging that purports to "destroy" what it can only slightly "reduce" is literally false. Additionally, Defendant fails to provide any qualifying/clarifying language to its label claim that the Products destroy odor, and Defendant's label falsely indicates that the Products completely end odor. The Products can only reduce odor, not end it, and the Products have very little effectiveness against existing odors.

---

[1] The Third Circuit addressed a similar factual scenario when an advertisement stated that a product could "eliminate" a medical condition. *Belmont Labs., Inc. v. Fed. Trade Comm'n*, 103 F.2d 538, 540-41 (3d Cir. 1939). When the evidence demonstrated that the product could only "alleviate" the condition for a period of time, the advertisement was found to be false. *Id*.

34. Defendant's deceptive representations and omissions are material in that a reasonable person would attach importance to such information and would be induced to act upon such information in making purchase decisions. Thus, Plaintiffs' and the other Class members' reliance upon Defendant's misleading and deceptive representations may be presumed. The materiality of those representations and omissions also establishes causation between Defendant's conduct and the injuries sustained by Plaintiffs and the Class.

35. Reasonable consumers, such as Plaintiffs and the Class members, rationally expect a product that claims it "destroys odors" to perform as promised and end all existing odor and prevent all future odor, rather than to merely slightly reduce some preexisting odors and prevent most new odors from being created. The Products are not capable of actively stopping preexisting odor as claimed, only of reducing some preexisting odor by eliminating the few odor particles that happen to drift into the Product. Reasonable consumers also rationally expect a product that promises "all-day effectiveness guaranteed" to actually provide the promised odor destruction in the first place. The presence of the "Destroys Odor" statement on the labeling is false, misleading and likely to deceive a reasonable consumer.

36. Plaintiffs and the Class members reasonably relied to their detriment on Defendant's false and misleading "Destroys Odor" misrepresentations.

37. Reasonable consumers (including Plaintiffs and the Class members) must and do rely on manufacturers of household products such as Defendant to honestly report on its Products' capabilities and mechanisms, and companies such as Defendant intend and know that consumers rely upon labeling statements in making their purchasing decisions. Such reliance by consumers is also eminently reasonable, since companies are prohibited from engaging in deceptive acts or practices in the conduct of any business, trade or commerce under New York state law.

38. While Defendant labeled and advertised that its Products eliminate existing and prospective odor, the Products fail to perform as promised. The misrepresentation was significant and material given the prominent "Destroys Odor" statement on the front of the Product packaging and throughout Defendant's marketing, including its Odor Eaters® website. This representation is materially different from a true description of the Products: that they can "Reduce some existing odor" and "Reduce most new odor."

39. Defendant knew that it made the "Destroys Odor" representation in regard to the Odor Eaters® odor destroying Products, as the statement appears on the Products' packaging. Defendant also knew that the claim was false and misleading, because the Products cannot eliminate odor or kill any bacteria and fungi that cause odor. Upon information and belief, Defendant retains expert chemists, other scientists, regulatory compliance personnel, and attorneys, and thus had the ability to know, and did know, that the Odor Eaters® odor destroying Products are incapable of completely eliminating odor.

40. As a result of Defendant's deception, consumers – including Plaintiffs and members of the proposed Class – have purchased Products that claim to eliminate odor in reliance on Defendant's labels. Moreover, Plaintiffs and Class members have paid a premium for the Products over other similar products sold on the market.

**Plaintiff IZQUIERDO Relied on Defendant's Claims and Was Injured**

41. Within the last twelve months, Plaintiff IZQUIERDO was attracted to Odor Eaters® odor destroying Products because he preferred to consume and use effective and powerful insoles capable of completely eliminating unpleasant odors. Plaintiff IZQUIERDO believed that the Products performed as promised by Defendant's packaging and marketing campaign. As a

result, the Odor Eaters® odor destroying Products with their deceptive claims on the Product packaging had no value to Plaintiff IZQUIERDO.

42. New York has placed requirements on companies that are designed to ensure that the claims they are making about their products to consumers are truthful and accurate.

43. Defendant's labeling and advertising of the Products violates New York consumer protection laws against deceptive acts and practices in the conduct of business.

44. Although Defendant marketed the Products as an odor eliminator with "all-day effectiveness guaranteed," it failed to also disclose material information about the Products; the fact that they could not eliminate odor or kill the bacteria and fungi that cause odor, and that they incompletely reduce future odor and have little effect on existing odor. This non-disclosure, in light of the Products' bearing the claim "Destroys Odor," was deceptive and likely to mislead a reasonable consumer.

45. Plaintiffs did, and a reasonable consumer would, attach importance to whether Defendant's Products are deceptive or misleading and therefore unlawful.

46. Plaintiffs did not know, and had no reason to know, that the Products were not capable of completely destroying unpleasant foot-related odors.

47. Defendant's Product labeling was a material factor in Plaintiffs' and Class members' decisions to purchase the Products. Relying on Defendant's Product labeling and misleading website, Plaintiffs and Class members believed that they were getting Products that were superior to other foot deodorizers. Had Plaintiffs and the Class known Defendant's Products could not function as promised, they would not have purchased them.

48. Defendant's Product labeling as alleged herein is deceptive and misleading and was designed to increase sales of the Products. Defendant's misrepresentations are part of its systematic product packaging practice.

49. As a result of Defendant's misrepresentations, Plaintiffs and thousands of others throughout the United States purchased the Products.

50. At the point of sale, Plaintiffs and Class members did not know, and had no reason to know, that the Products were deceptive as set forth herein, and would not have bought the Product had they known the truth about it. Accordingly, Plaintiffs and Class members should be reimbursed for the full purchase price of the Products purchased by them.

51. Plaintiffs and the Classes (defined below) have been damaged by Defendant's deceptive and unfair conduct in that they purchased a Product with false and deceptive labeling and paid premium prices they otherwise would not have paid over other comparable products.

52. Alternatively, Plaintiffs and Class members should be reimbursed the premium price they were misled into paying.

## CLASS ACTION ALLEGATIONS

53. Plaintiff IZQUIERDO seek relief in his individual capacity and as representative of all others who are similarly situated. Pursuant to Rule 23(a), 23(b)(2) and/or 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff IZQUIERDO seeks certification of the following Classes:

    i.    <u>The Nationwide Class</u>
        All persons in the United States who have made retail purchases of the Odor Eaters® odor destroying insoles with deceptive labels, as set forth herein, during the applicable limitations period, and/or such subclasses as the Court may deem appropriate.

    ii.    <u>The New York Class</u>

> All persons in New York who have made retail purchases of the Odor Eaters® odor destroying insoles with deceptive labels, as set forth herein, during the applicable limitations period, and/or such subclasses as the Court may deem appropriate.

54. Excluded from these Classes are current and former officers and directors of Defendant, members of the immediate families of the officers and directors of Defendant, Defendant's legal representatives, heirs, successors, assigns, and any entity in which they have or have had a controlling interest. Also excluded from the Class is the judicial officer to whom this lawsuit is assigned.

55. Plaintiffs reserve the right to revise the Class definitions based on facts learned in the course of litigating this matter.

56. Certification of Plaintiffs' claims for class-wide treatment is appropriate because Plaintiffs can prove the elements of their claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

57. <u>Numerosity:</u> Each Class is so numerous that individual joinder of all class members is impracticable. The precise number of members of the Classes is unknown to Plaintiffs, but it is clear that the number greatly exceeds the number that would make joinder practicable, particularly given Defendant's comprehensive nationwide distribution and sales network. Members of the Classes may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

58. <u>Commonality and Predominance:</u> This action involves common questions of law and fact, which predominate over any questions affecting individual members of the Classes. All members of the Classes were exposed to Defendant's deceptive and misleading advertising and

marketing claim that Odor Eaters® odor destroying Products because that claim was on every Product label. Furthermore, common questions of law or fact include:

a.  whether "Destroys Odor" and "all-day effectiveness guaranteed" labeling on the Products was false and misleading;

b.  whether Defendant engaged in a marketing practice intended to deceive consumers;

c.  whether Defendant deprived Plaintiffs and the other members of the Classes of the benefit of the bargain because the Products purchased were different than what Defendant warranted;

d.  whether Defendant deprived Plaintiffs and the other members of the Classes of the benefit of the bargain because the Products they purchased had less value than what was represented by Defendant;

e.  whether Defendant caused Plaintiffs and the other members of the Classes to purchase a substance that was other than what was represented by Defendant;

f.  whether Defendant caused Plaintiffs and the other members of the Classes to purchase Products that are incapable of substantially reducing existing odor or eliminating all future odor;

g.  whether Defendant caused Plaintiffs and the other members of the Classes to purchase Products that are incapable of entirely eliminating future odor;

h.  whether Defendant has been unjustly enriched at the expense of Plaintiffs and other Class members by its misconduct;

i.  whether Defendant must disgorge any and all profits it has made as a result of its misconduct; and

     j.   whether Defendant should be enjoined from marketing that each Odor Eaters®
odor destroying Product "Destroys Odor" with "all-day effectiveness
guaranteed" and ordered to recall mislabeled Products and issue corrective
advertising stating that the Products reduce only some existing odor and cannot
eliminate all future odor.

59. Defendant engaged in a common course of conduct in contravention of the laws
sought to be enforced by Plaintiffs individually and on behalf of the other members of the
Classes. Similar or identical statutory and common law violations, business practices, and
injuries are involved. Individual questions, if any, pale by comparison, in both quality and
quantity, to the numerous common questions that dominate this action. Moreover, the common
questions will yield common answers.

60. <u>Typicality:</u> Plaintiffs' claims are typical of those of the members of the Classes
because Plaintiffs and the other Class members sustained damages arising out of the same
wrongful conduct, as detailed herein. Plaintiffs purchased Defendant's Product and sustained
similar injuries arising out of Defendant's conduct in violation of New York State law.
Defendant's unlawful, unfair and fraudulent actions concern the same business practices
described herein irrespective of where they occurred or were experienced. The injuries of the
Classes were caused directly by Defendant's wrongful misconduct. In addition, the factual
underpinning of Defendant's misconduct is common to all Class members and represents a
common thread of misconduct resulting in injury to all members of the Classes. Plaintiffs' claims
arise from the same practices and course of conduct that give rise to the claims of the members
of the Classes and are based on the same legal theories.

61. <u>Adequacy:</u> Plaintiffs will fairly and adequately represent and pursue the interests of the Class and has retained competent counsel experienced in prosecuting nationwide class actions. Plaintiffs understand the nature of his claims herein, has no disqualifying conditions, and will vigorously represent the interests of the Classes. Neither Plaintiffs nor Plaintiffs' counsel have any interests that conflict with or are antagonistic to the interests of the Classes. Plaintiffs have retained highly competent and experienced class action attorneys to represent their interests and those of the Classes. Plaintiffs and Plaintiffs' counsel have the necessary resources to adequately and vigorously litigate this class action, and Plaintiffs and Plaintiffs' counsel are aware of their fiduciary responsibilities to the Classes and will diligently discharge those duties by vigorously seeking the maximum possible recovery for the members of the Classes.

62. <u>Superiority:</u> A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiffs and the other members of the Classes are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for members of the Classes to individually seek redress for Defendant's wrongful conduct. Even if the members of the Classes could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Given the similar nature of the members of the Classes' claims and the absence of material or dispositive differences in the statute and common laws upon which the claims are based when

such claims are grouped as proposed above and below, the Nationwide Class and New York Class will be easily managed by the Court and the parties.

63. <u>Declaratory and Injunctive Relief:</u> The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to Rule 23(b)(2) are met, as Defendant has acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive or equitable relief with respect to the Classes as a whole.

64. The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to Rule 23(b)(3) are met, as questions of law or fact common to the Classes predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

65. Defendant's conduct is generally applicable to the Classes as a whole and Plaintiffs seek, *inter alia*, equitable remedies with respect to the Classes as a whole. As such, Defendant's systematic policies and practices make declaratory relief with respect to the Class as a whole appropriate.

66. Further, in the alternative, the Classes may be maintained as class actions with respect to particular issues, pursuant to Fed.R.Civ.P. 23(c)(4).

## CAUSES OF ACTION

## COUNT I

**INJUNCTION AND DAMAGES FOR VIOLATIONS OF NEW YORK GENERAL
BUSINESS LAW § 349
(DECEPTIVE AND UNFAIR TRADE PRACTICES ACT)
(Brought on Behalf of the New York Class)**

67. Plaintiff IZQUIERDO realleges and incorporates by reference the allegations contained in all preceding paragraphs of this Complaint and further alleges as follows:

68. Plaintiff IZQUIERDO brings this claim on behalf of himself and the other members of the New York Class for an injunction for violations of New York's Deceptive Acts or Practices Law, Gen. Bus. Law § 349 ("NY GBL § 349").

69. NY GBL § 349 provides that "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are . . . unlawful."

70. To establish a claim under NY GBL § 349, it is not necessary to prove justifiable reliance. ("To the extent that the Appellate Division order imposed a reliance requirement on General Business Law [§] 349 … claims, it was error. Justifiable reliance by the plaintiff is not an element of the statutory claim." *Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 941 (N.Y. App. Div. 2012) (internal citations omitted).)

71. Any person who has been injured by reason of any violation of NY GBL § 349 may bring an action in their own name to enjoin such unlawful act or practice, an action to recover their actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may also award reasonable attorney's fees to a prevailing plaintiff.

72. The practices employed by Defendant, whereby Defendant advertised, promoted, and marketed that each Odor Eaters® odor destroying Product "Destroys Odor," were unfair, deceptive, and misleading to Plaintiff and other New York Class members and in violation of NY GBL § 349 for, *inter alia*, one or more of the following reasons:

    a.  Defendant engaged in deceptive, unfair and unconscionable commercial practices in failing to reveal material facts and information about the Products, which did,

or tended to, mislead Plaintiff and the New York Class about facts that could not reasonably be known by them;

b. Defendant knowingly and falsely represented and advertised that each Odor Eaters® insole "Destroys Odor" and provides "all day effectiveness guaranteed" with an intent to cause Plaintiff and members of the New York Class to believe that they could function as promised;

c. Defendant failed to reveal facts that were material to the transactions in light of representations of fact made in a positive manner;

d. Defendant caused Plaintiff and the New York Class to suffer a probability of confusion and a misunderstanding of legal rights, obligations and/or remedies by and through its conduct;

e. Defendant failed to reveal material facts to Plaintiff and the New York Class with the intent that Plaintiff and the New York Class members rely upon the omission;

f. Defendant made material representations and statements of fact to Plaintiff and the New York Class that resulted in Plaintiff and the New York Class reasonably believing the represented or suggested state of affairs to be other than what they actually were; and

g. Defendant intended that Plaintiff and the members of the New York Class rely on its misrepresentations and omissions, so that Plaintiff and New York Class members would purchase the Products.

73. The foregoing deceptive acts and practices were directed at customers.

74. Under all of the circumstances, Defendant's conduct in employing these unfair and deceptive trade practices was malicious, willful, wanton and outrageous such as to shock the conscience of the community and warrant the imposition of punitive damages.

75. Defendant's actions impact the public interest because Plaintiff and members of the New York Class were injured in exactly the same way as thousands of others purchasing the Product as a result of and pursuant to Defendant's generalized course of deception.

76. Plaintiff and the Class members seek to enjoin such unlawful, deceptive acts and practices as described above. Each of the Class members will be irreparably harmed unless the unlawful, deceptive actions of Defendant are enjoined in that Defendant will continue to falsely and misleadingly advertise that Odor Eaters® odor destroying Products can "[Destroy] Odor" with "all-day effectiveness guaranteed." Plaintiff IZQUIERDO believed Defendant's representation that the Products would function as promised. Plaintiff IZQUIERDO would not have purchased the Products had he known that they could not actually eliminate odor.

77. Plaintiff IZQUIERDO was injured in fact and lost money as a result of Defendant's conduct of improperly describing the Products as described herein. Plaintiff IZQUIERDO paid for products that could eliminate odor, but did not receive such a product. The Product he received was worth less than the Product for which he paid.

78. Plaintiff IZQUIERDO and New York Class members seek declaratory relief, restitution for monies wrongfully obtained, disgorgement of ill-gotten revenues and/or profits, injunctive relief ordering corrective advertising and recall of mislabeled Products, injunctive relief barring Defendant from continuing to disseminate its false and misleading statements, and other relief allowable under NY GBL § 349.

## COUNT II

## VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW §§ 350 AND 350-a(1)
### (FALSE ADVERTISING)
#### (Brought on Behalf of the New York Class)

79. This claim is brought on behalf of Plaintiff IZQUIERDO and members of the New York Class against Defendant.

80. Plaintiff IZQUIERDO and members of the New York Class reallege and incorporate by reference the allegations contained in all preceding paragraphs, and further allege as follows:

81. Defendant has been and/or is engaged in the "conduct of...business, trade or commerce" within the meaning of N.Y. Gen. Bus. Law § 350.

82. New York Gen. Bus. Law § 350 makes unlawful "[f]alse advertising in the conduct of any business, trade or commerce." False advertising includes "advertising, including labeling, of a commodity … if such advertising is misleading in a material respect," taking into account "the extent to which the advertising fails to reveal facts material in light of … representations [made] with respect to the commodity …" N.Y. Gen. Bus. Law § 350-a(1).

83. Defendant caused to be made or disseminated through New York, through advertising, marketing and other publications, statements that were untrue or misleading, and that were known, or which by the exercise of reasonable care should have been known to Defendant, to be untrue and misleading to consumers and New York Class.

84. Defendant's affirmative misrepresentations and misrepresentations by way of omission, as described in this Complaint, were material and substantially uniform in content, presentation, and impact upon consumers at large. Consumers purchasing the products were and continue to be exposed to Defendant's material misrepresentations.

85. Defendant has violated N.Y. Gen. Bus. Law § 350 because the misrepresentations and/or omissions regarding the Odor Eaters® odor destroying Products, as set forth above, were material and likely to deceive a reasonable consumer.

86. Plaintiff IZQUIERDO and members of the New York Class have suffered an injury, including the loss of money or property, as a result of Defendant's false and misleading advertising. In purchasing the Defective Products, Plaintiff IZQUIERDO and members of the New York Class relied on the misrepresentations and/or omissions relating to the ability of the Products to destroy odor. Those representations were false and/or misleading because the Products cannot destroy odor or kill the bacteria and fungi that cause odor. Had the New York Class known this, they would not have purchased their Defective Products or paid as much for them.

87. Pursuant to N.Y. Gen. Bus. Law § 350-e, Plaintiff IZQUIERDO and members of the New York Class seek monetary damages, injunctive relief, restitution and disgorgement of all monies obtained by means of Defendants' unlawful conduct, interest, and attorneys' fees and costs.

## COUNT III

### BREACH OF EXPRESS WARRANTIES
### (Brought on Behalf of the New York Class)

88. Plaintiffs reallege and incorporate by reference the allegations contained in all preceding paragraphs and further allege as follows:

89. Plaintiffs bring this claim on behalf of themselves and the other members of the New York Class for breach of express warranty under New York law.

90. Defendant provided Plaintiffs and other members of the New York Class with written express warranties, including, but not limited to, a warranty that each Odor Eaters® Product

"Destroys Odor" with "all-day effectiveness guaranteed." The claims made by Defendant were an affirmation of fact that became part of the basis of the bargain and created an express warranty that the good would conform to the stated promise.

91. Plaintiffs and other members of the New York Class placed importance on Defendant's odor destroying claims in deciding to purchase the Products.

92. Defendant breached its warranties by manufacturing, selling and/or distributing Products to consumers that are prominently labeled "Destroys Odor" with "all-day effectiveness guaranteed" but that cannot function as promised by eliminating all past and prospective odor.

93. Defendant previously knew or should have known of the falsity of its odor elimination claims as manufacturer of the Products. Thus, Defendant had actual and/or constructive notice that its claims are false and to date has taken no action to remedy its breach of express warranty.

94. As a proximate result of Defendant's breach of warranties, Plaintiffs and the New York Class members have suffered damages in an amount to be determined by the Court and/or jury, in that, among other things, they purchased and paid for products that did not conform to what Defendant promised in its promotion, marketing, advertising, packaging and labeling, and they were deprived of the benefit of their bargain and spent money on a product that did not have any value or had less value than warranted or a product that they would not have purchased and used had they known the true facts about it.

95. As a result of the breach of these warranties, Plaintiffs and the New York Class members are entitled to legal and equitable relief including damages, costs, attorneys' fees, rescission, and/or other relief as deemed appropriate by the Court.

**COUNT IV**

**NEGLIGENT MISREPRESENTATION**
**(Brought on Behalf of the Nationwide Class or, Alternatively, the New York Class)**
**(Pleaded in the Alternative)**

96. Plaintiffs reallege and incorporate by reference the allegations contained in all preceding paragraphs and further allege as follows:

97. Plaintiffs bring this claim individually, as well as on behalf of members of the Nationwide Class.

98. In the alternative, Plaintiffs bring this claim individually as well as on behalf of the New York Class under New York law.

99. Defendant, directly or through its agents and employees, made false representations, concealments, and nondisclosures to Plaintiffs and members of the Class. Defendant has negligently represented that each Odor Eaters® odor destroying Products "Destroys Odor" with "all-day effectiveness guaranteed" when, in fact, they do not entirely eliminate past or prospective odor.

100.   In making the representations of fact to Plaintiffs and members of the Classes described herein, Defendant has failed to fulfill its duties to disclose the material facts set forth above. The direct and proximate cause of this failure to disclose was Defendant's negligence and carelessness.

101.   Defendant, in making the misrepresentations and omissions, and in doing the acts alleged above, knew or reasonably should have known that the representations were not true. Defendant made and intended the misrepresentation to induce the reliance of Plaintiffs and members of the Classes.

102.    Plaintiffs and members of the Classes relied upon these false representations and nondisclosures by Defendant when purchasing the Product, which reliance was justified and reasonably foreseeable.

103.    As a result of Defendant's wrongful conduct, Plaintiffs and members of the Classes have suffered and continue to suffer economic losses and other general and specific damages, including but not limited to the amounts paid for the Product, and any interest that would have been accrued on those monies, all in an amount to be determined according to proof at time of trial.

## COUNT V

### UNJUST ENRICHMENT
**(Brought on Behalf of the Nationwide Class or, Alternatively, the New York Class)**
**(Pleaded in the Alternative)**

104.    Plaintiffs reallege and incorporate by reference the allegations contained in all preceding paragraphs and further allege as follows:

105.    Plaintiffs assert this claim in the alternative in the event that the Court concludes that Plaintiffs lack an adequate remedy at law.

106.    Plaintiffs bring this claim individually, as well as on behalf of members of the Nationwide Class. Although there are numerous permutations of the elements of the unjust enrichment cause of action in the various states, there are few real differences. In all states, the focus of an unjust enrichment claim is whether the defendant was unjustly enriched. At the core of each state's law are two fundamental elements – the defendant received a benefit from the plaintiff and it would be inequitable for the defendant to retain that benefit without compensating the plaintiff. The focus of the inquiry is the same in each state. Since there is no material conflict relating to the elements of unjust enrichment between the different jurisdictions from which class members will be drawn, New York law may be applied to the claims of the Nationwide Class.

28

107.    In the alternative, Plaintiffs bring this claim individually as well as on behalf of the New York Class under New York law.

108.    At all times relevant hereto, Defendant deceptively labeled, marketed, advertised that each Odor Eaters® Product "Destroys Odor" with "all-day effectiveness guaranteed" to Plaintiffs and the Classes.

109.    Plaintiffs and members of the Classes reasonably relied on Defendant's odor and freshness representations, and in reasonable reliance thereon, purchased the Products.

110.    Plaintiffs and members of the Classes conferred upon Defendant non-gratuitous payments for the Products that they would not have due to Defendant's deceptive labeling, advertising, and marketing. Defendant accepted or retained the non-gratuitous benefits conferred by Plaintiffs and members of the Classes, with full knowledge and awareness that, as a result of Defendant's deception, Plaintiffs and members of the Classes were not receiving a product of the quality, nature, fitness, or value that had been represented by Defendant and reasonable consumers would have expected.

111.    Defendant has been unjustly enriched in retaining the revenues derived from purchases of Defendant's Products by Plaintiffs and members of the Class, which retention under these circumstances is unjust and inequitable because Defendant misrepresented that each Odor Eaters® Product "Destroys Odor" with "all-day effectiveness guaranteed" even though they do not eliminate all odor, which caused injuries to Plaintiffs and members of the Classes because they paid a price premium due to the mislabeling of the Product.

112.    Retaining the non-gratuitous benefits conferred upon Defendant by Plaintiffs and members of the Classes under these circumstances made Defendant's retention of the non-

gratuitous benefits unjust and inequitable. Thus, Defendant must pay restitution to Plaintiffs and members of the Classes for its unjust enrichment, as ordered by the Court.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated, seek judgment against Defendant, as follows:

a. An Order that this action be maintained as a class action and appointing Plaintiff JOSE IZQUIERDO as representative of the Nationwide Class and/or the New York Class;

b. An Order appointing the undersigned attorney as class counsel in this action;

c. Restitution and disgorgement of all amounts obtained by Defendant as a result of its misconduct, together with interest thereon from the date of payment, to the victims of such violations;

d. All recoverable compensatory and other damages sustained by Plaintiffs and the Classes;

e. Actual and/or statutory damages for injuries (including minimum, punitive, treble, and/or other damages) suffered by Plaintiffs and the Class and in the maximum amount permitted by applicable law;

f. An order (i) requiring Defendant to immediately cease its wrongful conduct as set forth in this Complaint; (ii) enjoining Defendant from continuing to misrepresent and conceal material information regarding the effect and conduct business via the unlawful, unfair and deceptive business acts and practices complained of herein; (iii) ordering Defendant to engage in a corrective advertising campaign;

and (iv) requiring Defendant to reimburse Plaintiffs and all members of the Class

the amounts paid for the Product;

g.   For injunctive relief to compel Defendants to refrain from marketing that each

Odor Eaters® Product "Destroys Odor" with "all-day effectiveness guaranteed"

and to compel Defendants to repackage Products mislabeled by the claims

"Destroys Odor" and "all-day effectiveness guaranteed";

h.   For injunctive relief as the Court may deem proper;

i.   Statutory pre-judgment and post-judgment interest on any amounts;

j.   Payment of reasonable attorneys' fees and costs; and

k.   Such other relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, individually

and on behalf of all others similarly situated, demands a trial by jury on all questions of fact

raised by the Complaint.


Dated: October 5, 2016

                              Respectfully submitted,

                    By: _____*/s/ C.K. Lee*_____
                              C.K. Lee, Esq.

                              LEE LITIGATION GROUP, PLLC
                              C.K. Lee (CL 4086)
                              Anne Seelig (AS 3976)
                              30 East 39th Street, Second Floor
                              New York, NY 10016
                              Tel.: 212-465-1188
                              Fax: 212-465-1181
                              *Attorneys for Plaintiffs and the Class*